No. 679 July 30, 2025 301

***This is a nonprecedential memorandum opinion
pursuant to ORAP 10.30 and may not be cited
except as provided in ORAP 10.30(1).***

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

GABRIEL ISAAC FULLER,
aka Gabrial Isaac Fuller,
*Defendant-Appellant.*

Multnomah County Circuit Court
21CR37459; A183032

Melvin Oden-Orr, Judge.

Submitted June 13, 2025.

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and Shawn Wiley, Deputy Public Defender, Oregon Public Defense Commission, filed the brief for appellant.

Jennifer S. Lloyd, Assistant Attorney General, waived appearance for respondent.

Before Lagesen, Chief Judge, and Egan, Judge.

LAGESEN, C. J.

Affirmed.

**LAGESEN, C. J.**

Defendant appeals a judgment revoking probation and sentencing him to 36 months in prison. Appointed counsel filed a brief pursuant to ORAP 5.90 and *State v. Balfour*, 311 Or 434, 814 P2d 1069 (1991). The brief does not contain a Section B. *See* ORAP 5.90(1)(b). We affirm.[1]

In March 2022, defendant was convicted of one count of strangulation constituting domestic violence and one count of fourth-degree assault constituting domestic violence, and the trial court sentenced him to four years of probation. A month later, the trial court issued an order for defendant's arrest for allegedly violating his probation. At the probation violation hearing in November 2023, defendant admitted that he had violated the conditions of probation by violating the curfew of his housing, failing to disclose a new romantic relationship to his probation officer, failing to promptly and truthfully answer his probation officer regarding violating curfew, and having contact with the victim of his crimes of conviction. Based on those admissions, the trial court revoked defendant's probation and sentenced him to 36 months in prison.

Having reviewed the record, including the trial court file, the transcript of the hearing, and the *Balfour* brief, we have identified no arguably meritorious issues.

Affirmed.

---

[1] As authorized by ORS 2.570(2)(b), this matter is determined by a two-judge panel.